IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ISSAC KING, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL NO. 5:14-CV-58-MTT-MSH |
| VS. | : | 42 U.S.C. § 1983 |
| | : | |
| HOUSTON COUNTY SHERIFF'S OFFICE, Sheriff CULLEN TALTON, WILLIAM H. RAPE, ALAN EVERIDGE, and ALEX LUMPKIN, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

Plaintiff Issac King, Jr., presently confined at the Houston County Correctional Facility in Perry, Georgia, filed a lawsuit pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis*. (Docs. 1, 2, 7, 11.) As it appears that Plaintiff is unable to prepay the full cost of commencing this action, Plaintiff's motion to proceed *in forma pauperis* is hereby **GRANTED**.

Plaintiff is nevertheless responsible for the full $350.00 filing fee, as provided in 28 U.S.C. § 1915(b)(1). Fees are not refundable, regardless of outcome. Plaintiff must pay the entire $350.00 fee in installments, as will be directed in a future order, even if his lawsuit is dismissed prior to service.

A review of Plaintiff's Account Certification form reveals that as of February 13, 2014, Plaintiff had a monthly balance for the last six months of $35.43 in his trust account. In accordance with section 1915(b)(1)(A), Plaintiff is hereby **ORDERED** to

pay an initial partial filing fee of **$7.09** to the Clerk of this Court.  Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to pay the above initial partial filing fee.  Plaintiff will also be required to pay the remaining $342.91 of the filing fee under the payment plan set forth 28 U.S.C. § 1915(b)(1).  The Court's filing fee is not refundable, regardless of the outcome of Plaintiff's case.  If, in light of the information provided herein, Plaintiff decides that he no longer wishes to go forward with this action, he may so notify the Court in response to this Order and thereby avoid incurring this Court's $350 filing fee for which Plaintiff will otherwise be liable <u>even if his claims are dismissed prior to service</u>.

Plaintiff's pending motions for appointment of counsel (Doc. 3, 12) are **DENIED** as premature.  Plaintiff's need for counsel cannot be properly evaluated until responsive pleadings have been filed.  However, if it later becomes apparent that counsel should be appointed in this case, after due consideration of the complexity of the issues raised or their novelty, *Poole v. Lambert*, 819 F.2d 1025 (11th Cir. 1987), the Court will entertain a renewed motion.  Until then, Plaintiff's request for court-appointed counsel is **DENIED**.

There shall be no service of process in this case until further order.  Once Plaintiff has paid the partial fee, the Court will conduct a preliminary review of his Complaint as required by 28 U.S.C. § 1915A.

SO ORDERED, this 18th day of March, 2014.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE