IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ISSAC KING, JR., | : |
| | : |
| Plaintiff, | : |
| | : CIVIL NO. 5:14-CV-58-MTT-MSH |
| VS. | : |
| | : |
| HOUSTON COUNTY SHERIFF'S | : |
| OFFICE, Sheriff CULLEN TALTON, | : |
| WILLIAM H. RAPE, ALAN | : |
| EVERIDGE, and ALEX LUMPKIN, | : |
| | : PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants. | : |

## O R D E R

Plaintiff Issac King, Jr., presently confined at the Houston County Correctional Facility in Perry, Georgia, filed a lawsuit pursuant to 42 U.S.C. § 1983 (Doc. 1), along with two motions to proceed *in forma pauperis* (Docs. 2, 11). Plaintiff's motions to proceed *in forma pauperis* were granted. (Doc. 13.)

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee. Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

As explained below, Plaintiff's claims are now subject to preliminary review under 28 U.S.C. § 1915A.

## DISCUSSION

### I. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so, a district court must dismiss a prisoner complaint after the initial review if: (1) it is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B) (requiring the same of pleadings filed by parties proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

When determining whether a complaint fails to state a claim, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)."). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, a complaint should not be dismissed "simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S.

at 556).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because factual allegations were insufficient to support alleged constitutional violation).  *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.   Plaintiff's Claims

It is initially noted that the Plaintiff has filed several pleadings which contain factual allegations against the named Defendants.  Specifically, Plaintiff filed an original § 1983 complaint (Doc. 1), a second § 1983 complaint (Doc. 10), and two "Statement[s] of Claim." (Docs. 14, 16.)  This court construes Plaintiff's second complaint as an amended complaint and the two statements of claim will be construed as supplemental complaints.  The allegations in each of Plaintiff's pleadings will be addressed.

In his original complaint, Plaintiff sues the Houston County Sheriff's Office, Sheriff Cullen Talton, Chief Deputy William H. Rape, Major Alan Everidge, and Transport Officer Alex Lumpkin. (Compl. 4.) Plaintiff contends that on December 5, 2013, he was being transported to the Houston County Courthouse for a court appearance. Plaintiff states that due to a recent surgery on his ankle, he was on crutches.[1] Plaintiff states that he asked for and was refused a wheelchair. Plaintiff was then handcuffed with "belly chains." Plaintiff alleges he was forced to walk approximately one hundred yards on his crutches while handcuffed. Plaintiff states that as he got to the courtroom, the chains became entangled with his left crutch, causing him to fall on his side. Plaintiff contends that his left ribs and the left side of his face were injured as a result of the fall. In his amended complaint, Plaintiff alleges the fall also reinjured his ankle. (Am. Compl. 7.) Plaintiff was taken to the hospital where he was told he may have to have a second surgery on his ankle. Plaintiff contends an unidentified hospital nurse questioned why Plaintiff had been placed in handcuffs and inquired how he could be expected to walk with crutches while wearing belly chains and handcuffs.

Plaintiff thereafter filed two additional pleadings entitled "V. Statement of Claim." (Docs. 14, 16.) As noted above, the Court will construe these pleadings

---

[1] In his amended complaint filed on March 17, 2014 (Doc. 10), Plaintiff alleges he "was on crutches with a broken leg" and could not walk on his own power because of surgery on his ankle. (Am. Compl. 7.) Throughout his pleadings, Plaintiff continually alternates between references to a broken leg, a recent surgery on his ankle, or both to state why he had to use crutches. Plaintiff, however, never definitively states why he was using crutches on the day in question.

as supplemental complaints. In his first supplemental complaint (Doc. 14), Plaintiff lists the job titles of Sheriff Cullen Talton, Chief Deputy William "Billy" Rape, Alan Everidge, and Alex Lumpkin. Plaintiff then describes Defendants Everidge and Lumpkin's knowledge of his "situation." Specifically, Plaintiff states that Defendants Everidge and Lumpkin knew that he had recently had surgery on his ankle and that he was using crutches. Plaintiff asserts that Defendant Lumpkin was "the one who put me in belly chains and handcuffs, forced me to walk on my crutches about a 100 yards or more," and further asserts that "the cause of the actions [was] the belly chains and handcuffs."

In his second supplemental complaint, also entitled "V. Statement of Claim," Plaintiff contends that on February 21, 2014, he was headed back to court for another court appearance when he heard an unidentified transport officer say "we make (sic) a mistake last time. Go get him a wheelchair." (Doc. 16.) Plaintiff does not specify whether he was on crutches that day. Plaintiff was then seated in a wheelchair for the duration of his hearing. Plaintiff contends that the unnamed transport officer's comment was a tacit admission that the Defendants were wrong to put him in belly chains and handcuffs while he was on crutches "with a broken leg." In discussing this incident, Plaintiff further alleges that he was returned to the prison, an unnamed nurse told Defendant Alex Lumpkin to take off Plaintiff's handcuffs.[2]

---

[2] It is not clear from Plaintiff's complaint whether this exchange took place on February 21, 2014, or immediately after the original December 5, 2013, incident in question.

-6-

Throughout all of his pleadings, Plaintiff contends that his rights were violated when he was refused a wheelchair while he was on crutches. Plaintiff seeks two hundred thousand dollars[3] for his pain and suffering, his counsel fees, his medical bills, his future medical problems, and court fees. (Compl. 6, Am. Compl. 8.)

It is noted that nowhere in his complaint or supplemental pleadings does Plaintiff state whether he is suing the Defendants in their official or individual capacities. Out of an abundance of caution, the Court will construe Plaintiff's allegations as claims made against the Defendants in both their official and individual capacities.

On April 7, 2014, Plaintiff filed a "Motion to Amend" wherein he only seeks to correct the addresses of Defendants Cullen Talton and William H. Rape. (Doc. 18.) Plaintiff's motion to amend is hereby **GRANTED**, and the addresses for those Defendants will be updated.

### III. Analysis of Claims

#### A. *Houston County Sheriff's Department*

To the extent that Plaintiff has asserted a claim against the Houston County Sheriff's Department, his claim must fail. As stated above, to state a claim for relief under § 1983, a plaintiff must allege that the unconstitutional act or omission was committed by a "person" acting under color of state law. *Hale v.*

---

[3] Plaintiff asked for one hundred thousand dollars in damages in his original complaint, but raised the amount to two hundred thousand dollars in his amended complaint. (Compl. 6.)

*Tallapoosa Cnty.*, 50 F.3d at 1581.  Federal Rules of Civil Procedure Rule 17(b) provides that the "[c]apacity to sue or be sued" is determined "by the law of the state where the court is located."  Georgia law thus controls this issue.

The Georgia Supreme Court has explained that there are only three classes of legal entities: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial person as the law recognizes as being capable to sue."  *Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 258 Ga. 317, 318 (1988) (quoting *Cravey v. SE. Underwriters Assn.,* 214 Ga. 450, 453 (1958)).  The Houston County Sheriff's Department is none of these.  "Sheriff's departments and police departments are not usually considered legal entities subject to suit."  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)*; see also Robinson v. Hogansville Police Dep't*, 159 F. App'x 137, 138 (11th Cir. 2005) ("We have recognized that sheriff's departments and police departments are not usually considered legal entities subject to suit.")  Therefore, any claims against the Houston County Sheriff's Department are hereby **DISMISSED.**

    B.    *Supervisor Liability*

A thorough review of Plaintiff's pleadings in this case fails to reveal any allegations of specific harms arising from the actions of Defendants Sheriff Cullen Talton and Chief Deputy William H. Rape.  It is apparent from Plaintiff's allegations that these Defendants are named solely because of their supervisory positions.  The Eleventh Circuit has held that "[w]hile we do not require technical niceties in pleading, we must demand that the complaint state with some minimal

particularity how *overt acts* of the defendant caused a legal wrong." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citation omitted) (emphasis added). Defendants Talton and Rape cannot be liable solely by virtue of their supervisory positions. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). To state a claim against a supervisory official, Plaintiff must allege that the supervisor "personally participate[d] in the alleged unconstitutional conduct or . . . there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F. 3d 1352, 1360 (11th Cir. 2003). Plaintiff's complaints make no such allegations or connections in this case. Plaintiff's attempts to connect Defendants Talton and Rape to the acts in question are, if anything, no more than vague and conclusory statements. Therefore, Plaintiff's claims against Defendants Sheriff Talton and Chief Deputy Rape must be **DISMISSED**.

### C. *Official Capacity Claims*

The Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.

To determine whether a defendant is immune from liability under the Eleventh Amendment, the Eleventh Circuit Court of Appeals has held that "a defendant need not be labeled a 'state officer' or 'state official,' but instead need

-9-

only be acting as an 'arm of the State,' which includes agents and instrumentalities of the State." *Manders v. Lee,* 338 F.3d 1304, 1308 (11th Cir. 2003). The *Manders* Court set out the four factor test used to ascertain whether an entity is an "arm of the State" in carrying out the function at issue: "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." *Manders,* 338 F.3d at 1309 (citation omitted).

The Eleventh Circuit has held that the "authority and duty [of the sheriff] to administer the jail in his jurisdiction flows from the State, not the County." *Purcell ex rel Estate of Morgan, v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1325 (11th Cir. 2005) (internal quotation marks and citation omitted). Therefore, as a threshold matter, even assuming a constitutional violation is established, Eleventh Amendment immunity bars suit against Defendant Talton in this case. *Id.*

Furthermore, Chief Deputy William Rape, Major Alan Everidge, and Transport Officer Alex Lumpkin, each of whom are employees of the Sheriff, are not considered "persons" for purposes of § 1983 because they are state officials acting in their official capacities. *Scruggs v. Lee*, 256 F. App'x 229, 232 (11th Cir. 2007). Since § 1983 requires that a "person" deprive a plaintiff of his constitutional rights, the lack of a "person" in this case establishes an independent ground for dismissal of Plaintiff's claims. *Id.*

Because Defendants Talton, Rape, Everidge, and Lumpkin are entitled to Eleventh Amendment immunity for claims made against them in their official capacities, Plaintiff's claims must be **DISMISSED.**

### D. *Eighth Amendment Claims*

Although Plaintiff's complaints do not expressly state which of his rights guaranteed by the United States Constitution were violated, the Court is required to consider potentially mislabeled claims if the facts which state a cognizable claim "are clearly present in a *pro se* complaint." *Ford v. Hunter*, 534 F. App'x 821, 825 (11th Cir. 2013); *see also, O'Berry v. State Attny's Office*, 241 F. App'x 654, 657 (11th Cir. 2007) (stating that the district court is "obligated, as part of its screening protocol, to seek out and identify any and all cognizable claims of the plaintiff."). In this case, Plaintiff's claims that his rights were violated by the Defendants' failure to provide him a wheelchair while transporting him to court properly fall under the Eighth Amendment.

A viable Eighth Amendment claim has both a subjective and an objective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires proof that the deprivation was sufficiently serious. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). A prison official may be held liable under the Eighth Amendment only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. The subjective component requires proof that the officials acted with subjective deliberate indifference to an

inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). To prove deliberate indifference, a plaintiff must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Goodman v. Kimbrough*, 718 F. 3d 1325, 1331-32 (11th Cir. 2013) (citation omitted). The Court in *Goodman* held that

> Proof of deliberate indifference requires a great deal more than does proof of negligence: To be deliberately indifferent, a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*. . . . [T]he deliberate indifference standard—and the subjective awareness required by it—is far more onerous than normal tort-based standards of conduct sounding in negligence: Merely negligent failure to protect an inmate from attack does not justify liability under [§] 1983.

*Id.* (internal quotation and citation omitted) (emphasis in original).

Taking all reasonable inferences in Plaintiff's favor, Plaintiff's allegations are insufficient to establish that the Defendants were deliberately indifferent to his needs. First, Plaintiff has failed to show that the Defendants, specifically Defendant Officer Lumpkin, who handcuffed Plaintiff to transport him into the courtroom, had subjective knowledge of the risk of serious harm to Plaintiff and then disregarded that risk. *See, Brown v. Johnson*, 387 F. 3d 1344, 1351 (11th Cir. 2004). "The known risk of injury must be a strong likelihood, rather than a mere possibility." *Brown v. Hughes,* 894 F.2d 1533, 1537 (11th Cir. 1990). Thus, Plaintiff must allege and prove that Defendant Lumpkin knew of, and then disregarded an excessive risk of injury to Plaintiff, and that Defendant Lumpkin

was *both* aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed *and* that Defendant Lumpkin drew that inference. *Farmer,* 511 U.S. at 837 (emphasis added). While it was a foreseeable possibility that the Plaintiff's belly chains could become entangled with his left crutch (causing him to fall), Plaintiff has failed to allege that Defendant Lumpkin both knew that there was a substantial risk that Plaintiff could be injured and that he deliberately ignored that risk.

Furthermore, Plaintiff has failed to show that Defendant Lumpkin's actions were more than mere negligence.  As alleged in Plaintiff's pleadings, Defendant Lumpkin's decision not to provide Plaintiff with a wheelchair, while arguably negligent, does not rise to the level of deliberate indifference.  *See Farmer*, 511 U.S. at 838 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as [a constitutional violation].").

Because Plaintiff has failed to state a viable claim that the Defendants were deliberately indifferent to his needs, he cannot show that the Defendants violated his Eighth Amendment rights.  Thus, all claims made against the Defendants must be **DISMISSED**.

### E.  *Motion for Appointment of Counsel*

Also pending before the court is a third motion for appointment of counsel filed by Plaintiff.  (Doc. 15.)  The Court has previously denied both of Plaintiff's prior motions for appointment of counsel.  (Doc. 13.)  Because the Court is

dismissing Plaintiff's claims, Plaintiff's pending motion seeking appointment of counsel is hereby **DENIED as moot.**

## CONCLUSION

Having conducted a preliminary review of Plaintiff's Complaint, as required by 29 U.S.C. § 1915A(a), the Court finds that Plaintiff's complaint and all claims for damages against the Defendants should be **DISMISSED.** For purposes of the three strikes provision of the Prison Litigation Reform Act ("PLRA"), the Court determines that its decision in this case is a strike against Plaintiff. *See* 28 U.S.C. § 1915(g) (Counting as strikes any action or appeal in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.").

SO ORDERED, this 21st day of April, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

lws